# In The United States Court of Federal Claims

No. 08-700C

(Filed: October 20, 2010)

_____

JAY ANTHONY DOBYNS,

                Plaintiff,

      v.

THE UNITED STATES,

                Defendant.

_____

**PROTECTIVE ORDER**

_____

      During any proceedings conducted in this action, the parties may be requested to produce to each other or to this court, documents, information, and other materials, including testimony of witnesses, relating to the following: (1) the methods by which the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) investigates and documents threats made against agents and the procedures used to ensure their safety; (2) materials potentially subject to the protections of the Privacy Act, including, but not limited to, information related to ongoing or closed personnel matters involving employees or former employees of ATF, including Equal Employment Opportunity claims, personal financial information, residence information and other identifying information of Government employees, plaintiff and his family, and plaintiff's medical, psychological and disability records; and (3) materials related to active or pending law enforcement activity or material otherwise considered to be law-enforcement sensitive.  The disclosure of any information pertaining to matters listed as (1), (2), or (3) is subject to the following conditions:

1.     This protective order shall govern documents, information, and other materials produced during the course of this matter containing the delineated material, including, without limitation, documents produced by the parties, discovery responses provided by the parties, and deposition or trial testimony of current or former ATF employees.

2.     All documents, information, and other materials, including electronic records, that are disclosed by the parties pursuant to this order that related to the matter covered by this order shall be stamped, or otherwise identified as being, "SUBJECT TO PROTECTIVE ORDER."  Transcripts of depositions or other testimony containing information falling

    within this protective order shall also be identified as "SUBJECT TO PROTECTIVE ORDER." Under no circumstances may any documents, information, or materials, including deposition testimony, or any information derived from them, that are disclosed pursuant to this order, be used by either party for any purposes, either directly or indirectly, not relating to this action. The parties may, however, disclose information obtained in this litigation to appropriate ATF officials, provided that such disclosure is consistent with ATF orders or internal procedures.

3. All records and information that are disclosed to the parties pursuant to this order must be returned to the producing party no later than 30 days after final judgment in this action.

4. Records and information produced by defendant pursuant to this order may be disclosed by plaintiff or plaintiff's counsel only to persons regularly in the employ of plaintiff's counsel or to persons specifically assisting with litigation of this case who are retained by plaintiff's counsel of record and who have a need for the information in the performance of their specified duties in this case and for no other reasons. Plaintiff's counsel of record shall be permitted to share and to discuss with plaintiff the documents, information, and materials contained in the records produced. Plaintiff and plaintiff's counsel shall not allow anyone who is not covered by this order to make copies of the protected materials, shall not allow others not covered by this order to read the protected material, and shall not read the contents of the protected material to anyone not covered by this order. No protected information may be disclosed by counsel of record or by either party to any person not permitted access under this order unless such person has been designated in writing to the court at least ten days in advance of the disclosure. If objection is timely made by the other party, no protected information shall be disclosed without approval of the court.

5. Records and information produced by plaintiff or in response to third party subpoenas pursuant to this order may be disclosed by defendant or defendant's counsel only to persons regularly in the employ of the Department of Justice or to persons specifically assisting with litigation of this case who are retained by defendant's counsel of record and who have a need for the information in the performance of their specified duties in this case and for no other reasons. Persons regularly in the employ of either ATF or DOJ who are presently permitted access to specific portions of confidential information under federal law, under ATF duties, policies, or procedures, or under DOJ duties, policies, or procedures, will maintain such access as those laws, policies and procedures provide. Defendant's counsel of record shall be permitted to share and to discuss the documents, information, and materials contained in the records produced with any legal counsel for the Bureau of Alcohol, Tobacco, Firearms & Explosives not subject to any other orders of the court regarding litigation participation, any persons regularly in the employ of ATF specifically assisting with litigation of this case or who have a need for the information in the performance of their specified duties in this case, or persons specifically assisting with litigation of this case who are retained by defendant's counsel and who have a need for the information in the performance of their specified duties in this case and for no other reasons. Defendant and defendant's counsel shall not allow anyone who is not

    covered by this order to make copies of the protected materials, shall not allow others not covered by this order to read the protected material, and shall not read the contents of the protected material to anyone not covered by this order.  No protected information may be disclosed by counsel of record or by either party to any person not permitted access under this order unless such person has been designated in writing to the court at least ten days in advance of the disclosure.  If objection is timely made by the other party, no protected information shall be disclosed without approval of the court.

6. Documents, records or information in the public domain and available from public domain sources, regarding either party, are not subject to the protections or limitations of this order.  Conduct by either party or their counsel or persons to whom they disclose confidential information which results in the disclosure of confidential information subject to this order and release into the public domain is considered a violation of this order.

7. Prior to disclosure of any protected information by either party or their counsel to any individual to whom disclosure is authorized by this order, each individual receiving confidential information shall be provided with a copy of this order and shall be required to sign the attached "CERTIFICATION OF COMPLIANCE WITH PROTECTIVE ORDER" indicating that they have read and agree to abide by the terms of this order, that they will not disclose protected information to anyone not authorized to receive it, that they will not use any protected information except as provided by this order, and that they will return the protected information to the defendant at the conclusion of this litigation.  Certificates of compliances shall be provided by each party's counsel to counsel for the other party.  They shall not be filed with the court.

8. Any filings with the court that contain information produced pursuant to this order shall be made under seal and shall be identified as containing information that is subject to this order.

    **IT IS SO ORDERED.**

    s/Francis M. Allegra  
    Francis M. Allegra  
    Judge

**Attachment A**

# In The United States Court of Federal Claims

No. 08-700C

(Filed: October 20, 2010)
_____

JAY ANTHONY DOBYNS,

       Plaintiff,

  v.

THE UNITED STATES,

       Defendant.


CERTIFICATE OF COMPLIANCE WITH PROTECTIVE ORDER

   The undersigned hereby certifies that I have read, understand and will comply with the terms of the Protective Order entered by the United States Court of Federal Claims in the matter of *Jay Anthony Dobyns v. United States*, No. 08-700C.  I further represent that, pursuant to the Protective Order, I will not disseminate, disclose or discuss the materials or the contents of any materials other than as permitted by order of the court and will abide by the limitations of the order regarding the scope of persons permitted to review such documents.  I further understand that, in the event that the court finds that I have violated this Certificate or the terms of the court's order, that the court may enter an order holding me in contempt of court.


Date: _____  Name (Print): _____

               Signature: _____