# In the United States Court of Federal Claims

No. 08-700C

Filed Under Seal: October 1, 2012

Reissued: October 16, 2012[1]

_____

| | |
|---|---|
| JAY ANTHONY DOBYNS,<br><br>           Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>           Defendant. | \*<br>\*<br>\*<br>\*   Contract case; Cross-motions for summary<br>\*   judgment – RCFC 56; Existence of genuine<br>\*   issues of material fact precluded entry of<br>\*   judgment as a matter of law; Trial ordered.<br>\*<br>\*<br>\*<br>\* |

_____

**OPINION**

_____

*James Bernard Reed,* Baird, Williams & Greer, Phoenix, AZ, for plaintiff.

*David Allen Harrington*, Civil Division, United States Department of Justice, Washington, D.C., with whom was Acting Assistant Attorney General *Stuart F. Delery*, for defendant.

**ALLEGRA, Judge:**

      This contract dispute suit is before the court on plaintiff's motion for partial summary judgment and defendant's cross-motion for summary judgment. In this case, an agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) alleges that, following a highly successful undercover operation, ATF failed to protect him and his family from threats and violence.[2] He asserts that ATF's actions (and lack thereof) violated an agreement he had with

---

    [1] An unredacted version of this opinion was issued under seal on October 1, 2012. The parties were given an opportunity to propose redactions, but no such proposals were made. Nonetheless, the court has incorporated some minor changes into this opinion.

    [2] For a further description of the nature of the claims at issue in this case *see Dobyns v. United States*, 91 Fed. Cl. 412, 415-17 (2010).

the agency settling a prior employment dispute, thereby giving rise to contract claims over which this court has jurisdiction under the Tucker Act, 28 U.S.C. § 1491. Defendant, meanwhile, counterclaims that plaintiff breached the contract, federal regulations, and ATF orders by publishing a book based upon his experiences as an agent and contracting his story and consulting services to create a motion picture.

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *See* RCFC 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Disputes over facts that are not outcome-determinative will not preclude the entry of summary judgment. *Id.* at 248. However, summary judgment will not be granted if "the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Id.*; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Becho, Inc. v. United States*, 47 Fed. Cl. 595, 599 (2000).

When making a summary judgment determination, the court is not to weigh the evidence, but to "determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249; *see also Agosto v. Immigration & Naturalization Serv.*, 436 U.S. 748, 756 (1978) ("[A] [trial] court generally cannot grant summary judgment based on its assessment of the credibility of the evidence presented."); *Am. Ins. Co. v. United States*, 62 Fed. Cl. 151, 154 (2004). The court must determine whether the evidence presents a disagreement sufficient to require fact finding, or, conversely, is so one-sided that one party must prevail as a matter of law. *Anderson*, 477 U.S. at 250-52; *see also Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) ("'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" (quoting *Matsushita*, 475 U.S. at 587)). Where there is a genuine dispute, all facts must be construed, and all inferences drawn from the evidence must be viewed, in the light most favorable to the party opposing the motion. *Matsushita*, 475 U.S. at 587-88 (citing *United States v. Diebold*, 369 U.S. 654, 655 (1962)); *see also Stovall v. United States*, 94 Fed. Cl. 336, 344 (2010); *L.P. Consulting Grp., Inc. v. United States*, 66 Fed. Cl. 238, 240 (2005). "'Where, as here, a court rules on cross-motions for summary judgment, it must view each motion, separately through this prism.'" *Pew Forest Prods. v. United States*, 2012 WL 1574109, at *3 (Fed. Cl. May 7, 2012) (quoting *Carolina Plating Works, Inc. v. United States*, 102 Fed. Cl. 555, 559 (2011)).

A careful review of the briefs on these cross-motions for summary judgment indicates that underlying all the claims and counterclaims are a host of genuine issues of material fact that preclude this court from entering summary judgment as to any aspect of this case. Rather, it would appear that these questions – involving the meaning of key provisions in the settlement agreement, whether the agreement in question was breached, the quantum and categories of any damages owed, and the resolution of defendant's counterclaim – are suitable only for resolution at trial.

That said, the court notes, in passing, that defendant's argument regarding the availability of tort-like damages in this case appears to repeat, albeit in summary judgment terms, some of the arguments that this court already rejected in holding that it had jurisdiction over this case.

*See Dobyns*, 91 Fed. Cl. at 417-18; *see also SGX-92-X003 v. United States*, 74 Fed. Cl. 637, 655 (2007). These arguments are no more persuasive the second time around.[3]  Indeed, they are among several found in defendant's briefs that now, and for any future trial, are governed by law-of-the-case considerations. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 815-16 (1988); *see also Alli v. United States*, 2012 WL 1708307, at *4 n.3 (Fed. Cl. May 15, 2012).

Defendant also claims that "Mr. Dobyns, despite 18 months of discovery, has yet to specify the damages he will seek at trial." In support of this assertion, it cites to plaintiff's response to questions that defendant posed to him during his deposition. What defendant failed to reveal, until prompted by an order of this court, is that in answer to defendant's discovery requests plaintiff supplied: (i) several formal claims that he filed with defendant shortly before he filed his complaint in this case, in which plaintiff claimed a total of approximately $4.05 million in damages (with this figure broken down into subfigures associated with particular categories of damages); and (ii) approximately a thousand pages of cost/reimbursement documents.[4]  These documents give defendant's claim of lack of specificity on this point a somewhat hollow ring.

Based upon the foregoing, plaintiff's motion for partial summary judgment is hereby **DENIED** and defendant's cross-motion for summary judgment is hereby **DENIED**. On or before October 16, 2012, the parties shall file a joint status report proposing a trial date, a trial location and a schedule for pretrial filings.[5]

**IT IS SO ORDERED.**

s/Francis M. Allegra
Francis M. Allegra
Judge

---

[3]  That plaintiff has offered enough evidence to survive defendant's motion is, of course, no predictor of whether he will actually be able to prove his entitlement to tort-like damages at trial.

[4]  While Mr. Dobyns did not definitively respond, at his deposition, to questions regarding the quantum of damages he seeks, this is not surprising given the nature of his damages claim. It appears that, at this deposition, defendant failed to ask Mr. Dobyns about any of the formal claims for damages that he filed prior to filing suit in this case. At any rate, the other evidence in the record raises questions of fact regarding the damages potentially owed here. *Compare Barrera v. W. United Ins. Co.*, 2012 WL 359748, at *6-7 (D. Nev. Feb. 2, 2012).

[5]  The court intends to unseal and publish this opinion after October 15, 2012. On or before October 14, 2012, each party shall file proposed redactions to this opinion, with specific reasons therefor.