# In The United States Court of Federal Claims

No. 08-700C

(Filed: April 11, 2013)

_____

JAY ANTHONY DOBYNS,

                Plaintiff,

v.

THE UNITED STATES,

                Defendant.

_____

**ORDER**

_____

On October 2, 2008, plaintiff filed his original complaint. On April 15, 2009, this court granted plaintiff's motion to file his first amended complaint, and on May 20, 2009, granted a subsequent motion to file a second amended complaint. Discovery closed on October 31, 2011 (the court granted leave for a final deposition to be taken on March 9, 2012). Both parties filed partial motions for summary judgment, and both were denied on October 1, 2012. On November 9, 2012, this court set trial to commence on June 10, 2013. On February 19, 2013, plaintiff filed a motion, under RCFC 15, to file a third amended complaint. Briefing and argument on that motion have now been completed.

Plaintiff first seeks to amend his complaint under RCFC 15(b)(2). Although there are some cases to the contrary, *see, e.g.*, *Torry v. Northrop Grumman Corp.*, 399 F.3d 876, 879 (7th Cir. 2005), that rule, by its terms, applies only to amendments made during and after a trial. *See Harris v. Sec'y, U.S. Dep't of Veterans Affairs*, 126 F.3d 339, 344 (D.C. Cir. 1997); *Crawford v. Gould*, 56 F.3d 1162, 1168-69 (9th Cir. 1995); *Blue Cross Blue Shield of Ala. v. Weitz*, 913 F.2d 1544, 1550 (11th Cir. 1990). It is designed to address discrepancies between pleadings and evidence introduced at trial. *See Metcalf Const. Co., Inc. v. United States*, 102 Fed. Cl. 334, 343 (2011). Such is not the case here. Nor does this court perceive anything in defendant's prior summary judgment pleadings that suggests that it otherwise consented to treat the points raised in plaintiff's proposed third amended complaint as if they were actually pleaded.

Plaintiff also seeks to amend his complaint under RCFC 15(a)(2), which allows amendments to be made with "the opposing party's written consent or the court's leave."

Under this provision, absent defendant's consent – which, most certainly, has not been provided – the grant or denial of a motion to amend the pleadings is within this court's discretion. *See Mitsui Foods, Inc. v. United States*, 867 F.2d 1401, 1403 (Fed. Cir. 1989); *see also Insituform Techs., Inc. v. CAT Contracting, Inc.*, 385 F.3d 1360, 1372 (Fed. Cir. 2004); *Normandy Apts., Ltd. v. United States*, 100 Fed. Cl. 247, 258 (2011). While leave to amend a pleading under RCFC 15(a)(2) is to be "freely" given "when justice so requires," that permission is not automatic and may be denied, *inter alia*, when the opposing party would be substantially prejudiced by the amendment or when the amendment is unreasonably delayed. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Cuyahoga Metro. Hous. Auth. v. United States*, 57 Fed. Cl. 751, 780-81 (2003).

Defendant opposes this amendment, asserting, *inter alia*, that it would be prejudiced by the filing of yet another amended complaint. It argues that the matter that plaintiff would purportedly add to the case by amending its complaint – essentially an extended list of the provisions and policies that plaintiff argues were incorporated by reference into the settlement agreement in question and that the Bureau of Alcohol, Tobacco, Firearms and Explosives allegedly violated – were not covered in discovery because of plaintiff's responses to interrogatories posed by defendant did not reveal plaintiff's reliance upon these provisions and policies. The court notes, however, that plaintiff's second amended complaint does not limit the sources of law that were incorporated into the aforementioned settlement agreement, but instead indicates that the provisions and policies affected "include, but are not limited to" a list of "[e]xamples" contained in that complaint. In the court's view, questions involving whether plaintiff's presentation of evidence at trial should be limited based upon his failure to make disclosures or cooperate in discovery are best dealt with in the context of a motion seeking sanctions under RCFC 37. The court will not prejudge such issues in the context of deciding whether to allow plaintiff to amend his complaint a third time. Accordingly, plaintiff's motion to file a third amended complaint under RCFC 15(a)(2) is hereby denied, without prejudice.

**IT IS SO ORDERED.**

s/Francis M. Allegra
Francis M. Allegra
Judge
