# In the United States Court of Federal Claims

No. 08-700C

Filed: December 22, 2014

_____

|  |  |
|---|---|
| JAY ANTHONY DOBYNS, | * |
|  | * |
| Plaintiff, | * |
|  | * |
| v. | * |
|  | * |
| THE UNITED STATES, | * |
|  | * |
| Defendant. | * |

_____

**ORDER**

_____

On December 1, 2014, the court granted plaintiff's request that it submit a notice of an indicative ruling, pursuant to RCFC 62.1(a)(3), that this court would grant a motion if the Federal Circuit were to remand for the purposes of allowing this court to consider the motion. On December 18, 2014, the United States Court of Appeals for the Federal Circuit issued an order remanding this case for further proceedings pursuant to Fed. R. App. P. 12.1(b), but otherwise retaining jurisdiction. The next day, December 19, 2014, defendant filed a notice of appeal of this court's order of October 24, 2014; the latter order limits who may appear before this court in this case. *See also* Docket No. 305. Defendant's December 19, 2014, notice of appeal makes reference neither to the Federal Circuit's December 18, 2014, order; to the ruling with respect to the indicative motion; or to the cross-appeals that have been filed previously in the Federal Circuit regarding this case.[1]

It is unclear whether defendant's December 19 "notice of appeal" should be legally cognizable; relates to the Federal Circuit's December 18 order; or somehow otherwise implicates this court's prior orders in this case. This is especially so given the likelihood that, in response to the Federal Circuit's recent order, the court will order depositions of at least some of the attorneys and other witnesses in this case, as well as the receipt of other relevant evidence.

---

[1] The Federal Circuit's remand order indicates that the briefing schedule in the cross-appeals is stayed.

Accordingly, before proceeding further in this matter, on or before January 5, 2015, defendant shall file a memorandum (not to exceed 30 pages) addressing the following questions:

1. Whether defendant's most recent notice of appeal was from a "final decision" of this court under 28 U.S.C. § 1491 or some, as yet, unidentified other source of authority? *Cf.* 20 George C. Pratt, et al., Moore's Federal Practice and Procedure § 303.32(2)(b)(iv)(B) (3d. ed. 2014) ("[i]f an appeal is taken from a non-appealable order the [trial court] may proceed with the case as if the notice of appeal had not been filed."); *see also O'Donnell v. United States*, 62 Fed. Cl. 64, 64-65 (2004).[2]

2. Whether the October 24, 2014, order is somehow appealable as a "collateral order," despite the fact, *inter alia*, that issues involving defendant's response to the Federal Circuit's December 18, 2014, order appear to implicate important matters relating to the merits of this case, defendant's subsequent conduct in this proceeding, and the Federal Circuit's most recent order? *Cf. Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949).

3. Whether defendant, alternatively, intends to seek review of the October 24, 2014, order *via* a petition for a writ of mandamus under the All Writs Act, 28 U.S.C. § 1651(a), despite the issuance of the Federal Circuit's December 18, 2014, order and this court's prior orders? *Cf. Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004); *In re United States*, 460 Fed. Appx. 914 (Fed. Cir. 2011).[3]

4. Whether defendant has any other appropriate legal basis to disregard or delay implementation of the Federal Circuit's order of December 18, 2014, or any other appropriate legal basis to delay the execution by this court of the Federal Circuit's remand order?

On or before January 12, 2015, plaintiff may file a response to defendant's memorandum (not to exceed 30 pages).  **The court will not permit any enlargements of these deadlines for any reason.**  The parties shall ensure that copies of all filings relating to this order be provided to the Federal Circuit judges dealing with the remand order.

**IT IS SO ORDERED.**

s/Francis M. Allegra<br>
Francis M. Allegra<br>
Judge

---

[2]  To be clear, the court is not agreeing to certify issues regarding the October 24, 2014, order to the Federal Circuit.

[3]  To be clear, the court is not agreeing to the issuance of such a petition.