# In the United States Court of Federal Claims

No. 08-700C
(E-Filed Under Seal: March 2, 2016)
(Reissued:  June 9, 2016)[1]

_____

|  |  |  |
|---|---|---|
| JAY ANTHONY DOBYNS, | ) | |
| | ) | |
| Plaintiff, | ) | Fraud Upon the Court; Fraud by an |
| | ) | Opposing Party; Relief from |
| v. | ) | Judgment; RCFC 60; RCFC 53(f); |
| | ) | Remand Pursuant to Fed. R. App. P. |
| THE UNITED STATES, | ) | 12.1 |
| | ) | |
| Defendant. | ) | |
| | ) | |

_____

James B. Reed, Phoenix, AZ, for plaintiff.

Robert E. Kirschman, Jr., Director, with whom was Benjamin C. Mizer, Principal Deputy
Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States
Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER

CAMPBELL-SMITH, Chief Judge

This matter is before the court on remand.  Pursuant to Rule 60 of the Rules of the
United States Court of Federal Claims (RCFC), plaintiff filed a motion seeking relief
from judgment (Rule 60 Motion) alleging that defendant, through its counsel, had
committed fraud on the court.  By appointment, a special master gathered evidence to

---

[1]     This Opinion was originally filed under seal to protect potentially proprietary or
confidential information.  The parties were provided an opportunity to request redactions
of any protected information.  On March 16, 2016, defendant provided its proposed
redactions, Def. Mot. (sealed), Mar. 16, 2016, ECF No. 465, and plaintiff objected to
defendant's proposed redactions on this same date, Pl.'s Obj. (sealed), Mar. 16, 2016,
ECF No. 466.  On June 9, 2016, the court entered its order granting defendant's motion in
its entirety.  Order, June 9, 2016, ECF No. 478.  Redacted text is indicated as follows,
xxx, with the redaction approximately equal in length to the text redacted.

assist the court in determining whether such fraud had occurred.  After discovery and briefing by the parties, the special master issued a final report and recommendation finding no evidence of fraud.  Defendant filed a motion requesting that the court adopt that report and recommendation, and plaintiff filed an objection.

For the following reasons, the court **DENIES** plaintiff's Rule 60 Motion and adopts the special master's final report and recommendation.  Defendant's motion is **GRANTED**, and plaintiff's objection is **DENIED**.

I.      Background

A thorough discussion of the factual and procedural history of this case is set forth in the opinion issued by the court after the conduct of a three-week trial on liability and damages, see Dobyns v. United States, 118 Fed. Cl. 289 (2014), ECF No. 287.  For ease of reference, a brief recitation of the facts and a review of the current procedural posture of the case follows here.

Jay Anthony Dobyns (plaintiff or Agent Dobyns), a former agent of the Bureau of Alcohol, Tobacco and Firearms (ATF)[2], filed a complaint against the United States (defendant or government) alleging that ATF officials breached the settlement agreement into which the parties had entered to resolve plaintiff's employment dispute.  Op. 4, Dec. 1, 2014, ECF No. 316.  Agent Dobyns also alleged that ATF officials flouted the settlement agreement and thereby violated the implied covenant of good faith and fair dealing.  Id.  The government asserted a counterclaim, arguing that plaintiff breached the settlement agreement by writing and publishing books in which he shared his experiences as an agent.  Op. 4, ECF No. 316.

Material to plaintiff's case against defendant was ATF's withdrawal of Agent Dobyns' fictitious identity credentials[3] three months prior to an arson at Agent Dobyns' home in Tucson, Arizona.  Dobyns, 118 Fed. Cl. at 298-300.  ATF withdrew the credentials even though it was aware of credible threats to Agent Dobyns, which had been substantiated by an ATF threat assessment completed less than one year earlier.[4]  Id. at 299-300, 309.

---

[2]     ATF is an organization within the United States Department of Justice.

[3]     The use of covert identification documents by the ATF to create fictitious identities is known as "backstopping."  Id. at 298.

[4]     The threat assessment was completed by ATF's Office of Operations Security (OPSEC) on June 22, 2007.  Dobyns, 118 Fed. Cl. at 297.  The risk report recommended "permanent relocation [of Agent Dobyns and his family] out of the western region with full backstopping."  Id. at 309 (quoting ATF's Internal Affairs Division's Report of

In response to complaints received from Agent Dobyns, Agent Christopher Trainor (Agent Trainor) of ATF's Internal Affairs Division (IAD) completed a formal investigation of ATF's response to the fire at Agent Dobyns' residence. Id. at 307-308. Agent Trainor concluded, in an IAD Report of Investigation (ROI), that certain ATF leadership mismanaged the response to the fire, and that certain ATF leadership identified Agent Dobyns as a suspect during the arson investigation, notwithstanding credible evidence indicating otherwise. Id.

More than twenty ATF officials and agents testified during the three-week trial. Id. On August 25, 2014, the court issued a fifty-three page opinion finding that while ATF did not breach the settlement agreement, Dobyns, 118 Fed. Cl. at 313-16, it did breach the implied covenant of good faith and fair dealing, id. at 317-21. The court awarded Agent Dobyns $173,000 for emotional distress and pain and suffering. Id. at 321-27. The court denied the government's counterclaim because ATF knew about the publishing contracts prior to executing the settlement agreement. Id. at 327-330.

After the clerk of court entered judgment in favor of plaintiff, J., Aug. 28, 2014, ECF No. 288, defendant filed a notice of appeal, see Def.'s Notice, Oct. 24, 2014, ECF No. 297. Shortly thereafter, plaintiff filed a notice of cross-appeal. See Pl.'s Notice, Oct. 27, 2014, ECF No. 299.

On October 29, 2014, the court issued an order voiding judgment, based on indications that defendant's counsel had committed fraud on the court. Order, ECF No. 300. Defendant filed a motion to vacate that order, see Def.'s. Mot., Nov. 6, 2014, ECF No. 304, and the court granted defendant's motion, see Order, Nov. 12, 2014, ECF No. 308.

On November 14, 2014, the court issued an order requesting clarification from the parties as to whether they intended to invoke the "indicative ruling" procedures in the court's rules, based upon the alleged fraud. Order 1, Nov. 14, 2014, ECF No. 311. In response to the court's order, plaintiff moved for an indicative ruling under RCFC 62.1 and for relief from judgment under Rule 60. See Pl.'s Mot., Nov. 19, 2014, ECF No. 313. To support his requests, plaintiff identified ten instances of alleged misconduct by defendant's attorneys. Id. at 4-5. On December 1, 2014, the court granted plaintiff's motion for an indicative ruling (December 2014 Order). See Order, Dec. 1, 2014, ECF 316. On December 18, 2014, the Federal Circuit remanded the case back to the court for further proceedings pursuant to Fed. R. App. P. 12.1, but otherwise retained jurisdiction. Dobyns v. United States, No. 15-5021, ECF No. 5 (Fed. Cir. Dec. 18, 2014)(per curiam).

---

Investigation on Agent Dobyns' loss of backstopping completed on May 13, 2013 and the OPSEC's threat assessment of Agent Dobyns completed on June 22, 2007).

On remand from the Federal Circuit, the then-assigned judge, Senior Judge Francis Allegra (assigned judge or Judge Allegra), recommended the appointment of a special master to assist him in making findings.  Order, Feb. 9, 2014, ECF No. 330.  Both parties agreed that the appointment of a special master was appropriate.  See Def.'s Resp., Feb. 18, 2015, ECF No. 331; see also Pl.'s Resp., Feb. 18, 2015, ECF No. 332.

On February 23, 2015, the undersigned, in her capacity as chief judge, issued an order appointing retired magistrate judge John Facciola to serve as special master (Special Master) in this case.  Order, Feb. 23, 2015, ECF No. 334.  On that same date, the assigned judge issued an order setting forth the Special Master's responsibilities and the procedures governing his service (February 2015 Order).  Order 4-6, Feb. 23, 2015, ECF No. 335.  Among other designated tasks, the order authorized the Special Master to investigate those matters described in Paragraph 21 of the order.  Id. at 4.  Paragraph 21 provided that:

> The Special Master will make findings assisting the assigned judge in determining whether defendant's attorneys, in the conduct of this case, effectuated a fraud upon the court under RCFC 60(d)(3).  As may be necessary, the Special Master may also consider whether there are other grounds for relief from a final judgment in this case under RCFC 60, including the existence of fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party under RCFC 60(b)(3).

Id. at 6.

The order also incorporated the duties of the Special Master, as set forth in RCFC 53, to include the authority to regulate all proceedings and to "take all appropriate measures to perform the assigned duties fairly and efficiently."  Id. at 5 (quoting RCFC 53(c)(1)).  Additionally, the order granted the Special Master authority to "preside over evidentiary proceedings, and make findings of fact."  Id. at 6.

On March 4, 2015, the Special Master ordered plaintiff to file a summary of the issues to be addressed during the investigatory proceedings.  See Order, Mar. 4, 2015, ECF No. 336.  Five days later, plaintiff filed a memorandum identifying ten instances of potential misconduct that he believed required further investigation.  Pl.'s Mem., Mar. 9, 2015, ECF No. 337.  Plaintiff described the same instances that he had mentioned earlier in his Rule 60 Motion.  In particular, plaintiff made the following allegations:

1) Charles Higman (RAC Higman), Resident Agent in Charge of an ATF field office in Tucson, threatened Agent Trainor over an ROI Agent Trainor had prepared that frankly criticized how RAC Higman handled the arson investigation at plaintiff's residence, and in turn, defendant's counsel

threatened to destroy Agent Trainor's career if he reported the threats to the court;

2) ATF counsel Valerie Bacon (Ms. Bacon) interfered with the work of the agency by directing the newly-designated Special Agent in Charge for the ATF Phoenix Division, Thomas Atteberry (SAC Atteberry), and ATF agent Carlos Canino not to reopen the arson investigation;

3) United States Department of Justice (DOJ) counsel David Harrington (Mr. Harrington) made false statements to the court by denying knowledge of Ms. Bacon's efforts to thwart the reopening of the arson investigation;

4) ATF counsel Kent Kiffner (Mr. Kiffner) and Rachel Bouman (Ms. Bouman) improperly withheld telephone surveillance recordings that plaintiff had requested;

5) George Gillett (ASAC Gillett), then Assistant Special Agent in Charge of an ATF Phoenix field office, and RAC Higman gave perjured testimony at trial, and defendant's counsel made no correction for the court;

6) Mr. Kiffner and Ms. Bouman allowed perjured deposition testimony by ASAC Gillett, RAC Higman and William Newell (SAC Newell), who was then the Special Agent in Charge of the ATF Phoenix Field Division, about what prompted the agency's telephone surveillance of—and triggered the agency's interest in—plaintiff as a suspect in the arson investigation;

7) Mr. Harrington withheld from plaintiff's counsel and the court certain ROIs and recommendations of the professional review board (PRB) that he falsely misrepresented were irrelevant;

8) DOJ counsel instructed the deciding official at the PRB bureau, namely ATF Assistant Director Thomas Brandon (Assistant Director Brandon), not to accept the PRB's recommendations pertaining to the ROIs;

9) Assistant Director Brandon issued the PRB's letters of clearance for three ATF employees—namely, the chief of ATF's Special Operation Division, Marino Vidoli, the then-chief of the National Integrated Ballistic Information Network, Steven Pugmire, and SAC Newell—all of whom, the court found, had engaged in improper conduct; and

10) Defendant's counsel caused the cell phone of ATF Deputy Director Ronnie Carter (Deputy Director Carter) to ring during critical questioning at trial, as a prompt for him to look to counsel for cues on how to answer.  Pl.'s Mem. 7-9, ECF No. 337; see also Pl.'s Mot. 4-5, ECF No. 313.

On March 13, 2015, defendant responded to plaintiff's allegations, ECF No. 342. Defendant argued that plaintiff had not met the legal standards for obtaining Rule 60 relief.  Defendant explained that the alleged misconduct had not interfered with plaintiff's ability to fully and fairly present his case, had not influenced the court's judgment, and had not materially affected the outcome of the litigation.  Def.'s Resp. 12-13, Mar. 13, 2015, ECF No. 342.  Defendant added that all but one of plaintiff's allegations had been raised and had been addressed either at trial or prior to judgment.  Id. at 13.

After reviewing the parties' filings and the record as a whole, the Special Master issued an order setting forth the uncontested facts and limiting the scope of discovery (April 2015 Order).  Order, Apr. 7, 2015, ECF No. 348.  The Special Master identified, as appropriate for discovery, only those allegations that potentially influenced the court's judgment—to include, in the Special Master's view, "[RAC] Higman threatening Agent Trainor and DOJ officials allegedly threatening [Agent] Trainor were he to report the Higman threat to the Court" (collectively the "Trainor threats").  Id. at 12 (citing Pl.'s Mem. 10-14, ECF No. 337; Def.'s Resp. 15-17, ECF No. 331).

Plaintiff moved for reconsideration of the Special Master's April 2015 Order on the grounds: (1) that the Special Master erred in concluding that different testimony from Deputy Director Carter would have had no impact on the court's judgment, Pl.'s Mot. 4-13, Apr. 13, 2015, ECF No. 352; and (2) that further consideration was warranted into the efforts of DOJ to discourage Assistant Director Brandon from signing the PRB's recommendations.  Id. at 13-16. Plaintiff argued that he might be entitled to sanctions and attorney's fees, were the Special Master to have made such findings on reconsideration. Id.

The Special Master denied the reconsideration motion because plaintiff failed to establish either: (1) a manifest error of law or a mistake of fact; (2) an intervening change in the law; (3) the availability of previously unavailable evidence; or (4) a resulting manifest injustice (May 2015 Order).  Order, May 4, 2015, ECF No. 371.

After reviewing the evidence produced by discovery, the Special Master issued an order on June 26, 2015, indicating that no depositions were needed.  Order, June 26, 2015, ECF No. 411.  The Special Master added that he had found no evidence of fraud on the court and no evidence of fraud by a party that had influenced the court's judgment. Id. at 10.  Before issuing the final report and recommendation, the Special Master afforded plaintiff a week to show why the proceedings should not be concluded immediately.  Id.  Plaintiff responded but failed to establish any basis for further proceedings.  See Pl.'s Resp., July 9, 2015, ECF No. 420.

On July 23, 2015, the Special Master issued his final report and recommendation, denying plaintiff's Rule 60 Motion (June 2015 Order).  See R. & R. 1, 3, July 23, 2015, ECF No. 430.

On August 27, 2015, defendant moved for the adoption of the Special Master's report and recommendation.  See Def.'s Mot., Aug. 27, 2015, ECF No. 445.  Plaintiff filed an objection.  See Pl.'s Obj., Aug. 27, 2015, ECF No. 447.  Nearly two weeks later, defendant responded to plaintiff's objection, see Def.'s Reply, Sept. 18, 2015, ECF No. 452, and plaintiff responded to defendant's motion.  See Pl.'s Resp., Sept. 18, 2015, ECF No. 453.

The parties' motions are now ripe for ruling.

## II.   Legal Standards

### A.  Standard of Review of the Special Master's Report and Recommendation

All objections to the findings of fact made or recommended by a special master are reviewed de novo.  RCFC 53(f)(3).  All objections to the conclusions of law made or recommended by a special master are reviewed de novo.  RCFC 53(f)(4).  A special master's ruling on a procedural matter may be set aside only for an abuse of discretion unless the appointing order establishes a different standard of review.  RCFC 53(f)(5).

### B.  Standard of Relief Under Rules 60(b)(3) and 60(d)(3)

Rule 60(b)(3) permits the court, "on motion and just terms," to relieve a party from a final judgment for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party."  Id.  Rule 60(d)(3) also permits the court to "set aside a judgment for fraud on the court."  Id.  "Principles governing the application of Rule 60 include '[t]he principle that finality of judgments is of great importance and that final judgments should not be disturbed lightly.'"  Order 8, Apr. 7, 2015, ECF No. 348 (quoting 12 James Wm. Moore, et al., Moore's Federal Practice ¶ 60.22[2] (3d. ed. 2014)).

### 1.     Rule 60(b)(3)

To obtain relief from a judgment under Rule 60(b)(3), the movant first must demonstrate misconduct—such as fraud or misrepresentation—by clear and convincing evidence.  Second, the movant must show that the misconduct foreclosed full and fair presentation of his case."  Hutchins v. Zoll Med. Corp., 492 F.3d 1377, 1385-86 (Fed. Cir. 2007) (quoting Karak v. Bursaw Oil Corp., 288 F.3d 15, 21 (Fed. Cir. 2002) (internal quotations and alterations omitted)).  See also Roger Edwards, LLC v. Fiddes & Sons Ltd., 427 F.3d 129, 135-136 (1st Cir. 2005); Madison Servs. v. United States, 94 Fed. Cl. 501, 507 (2010); CEATS, Inc. v. Continental Airlines, Inc., 755 F.3d 1356, 1360-61 (Fed. Cir. 2014) (quoting Hesling v. CSX Transp., Inc. 396 F.3d 632, 641 (5th Cir. 2005)(citing Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place, 62 F.3d 767, 772 (5th Cir. 1995)).

2.      Rule 60(d)(3)

The requirements for obtaining relief from judgment under Rule 60(d)(3) are more stringent and narrower in scope than those under Rule 60(b)(3).

> It is well-settled that 'fraud upon the court' should [ ] embrace only that species of fraud which does[,] or attempts to, subvert the integrity of the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication, and relief should be denied in the absence of such conduct.

Broyhill Furniture Indus., Inc. v. Craftmaster Furniture Corp., 12 F.3d 1080, 1085-86 (Fed. Cir. 1993) (citing James W. Moore & Jo Desha Lucas, Moore's Federal Practice ¶ 60.33 at 60-360 (2d. ed. 1993) (citations omitted)).

Fraud upon the court is "confined to the most egregious cases, such as bribery of a judge or juror, or improper influence exerted on the court by an attorney, in which the integrity of the court and its ability to function impartially is directly impinged." Id. (quoting Great Coastal Express, Inc. v. Int'l Brotherhood of Teamsters, 675 F.2d 1349, 1356 (4th Cir. 1982) (citations omitted). Fraud upon the court "is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury … [but] where the impartial functions of the court have been directly corrupted." Amstar Corp. v. Envirotech Corp., 823 F.2d 1538, 1550 (quoting Bulloch v. United States, 721 F.2d 713, 718 (10th Cir. 1983) rev'd on other grounds and remanded, 763 F.2d 1115 (10th Cir. 1985) cert. denied, 474 U.S. 1086 (1986)). And "the fraud, misrepresentation or conduct must have actually deceived the court. If a court's judgment was not influenced by the conduct at issue, the judgment should not be set aside." In re Old Carco LLC, 423 B.R. 40, 52 (Bankr. S.D.N.Y. 2010) (citing United States v. Smiley, 553 F.3d 1137, 1145 (8th Cir. 2009)) aff'd, No. 10 CIV. 2493 (AKH), 2010 WL 3566908 (S.D.N.Y. Sept. 14, 2010) aff'd sub nom. Mauro Motors Inc. v. Old Carco LLC, 420 F. App'x 89 (2d Cir. 2011)). Fraud upon the court is established by clear and convincing evidence. Council v. Am. Fed'n of Gov't Emps. (AFGE) Union, 559 F. App'x. 870, 872 (11th Cir. 2014) (citing Cox v. Nuclear Pharmacy, Inc. v. CTI, Inc., 478 F.3d 1303, 1314 (11th Cir. 2007)).

III.    Discussion

Before the court are two related issues. The first is whether the Special Master erred in finding no evidence of either fraud on the court or fraud by a party. The second, which is contingent upon an affirmative finding of fraud, is whether plaintiff is entitled to relief from judgment under Rule 60.

8

A.  The Special Master Applied the Correct Legal Standards Under Rules 60(b)(3) and 60(d)(3) in Making His Determination

The legal standards applied by the Special Master were established by the Federal Circuit and thus, are binding on the court.  See Broyhill Furniture Indus., 12 F.3d at 1085-86; see also Hutchins, 492 F.3d at 1386.

1.  A Movant Must Show Why the Fraud Mattered to Obtain Rule 60 Relief

To obtain relief under Rule 60, a movant must demonstrate, with specificity, how the alleged misconduct influenced the court's judgment or materially affected the outcome of the litigation.  In re Old Carco LLC, 423 B.R. at 52.  "If a court's judgment was not influenced by the conduct at issue, the judgment should not be set aside."  Id. (citing Smiley, 553 F.3d at 1145).  Here, plaintiff has failed to show how the alleged fraud improperly influenced the court's judgment.  Plaintiff instead attempts to convince the court that it is not necessary to make this showing by citing to inapposite cases.  The court briefly addresses them, in turn.

a.    Demjanjuk

Plaintiff argues that the Special Master's report and recommendation contains factual and legal error because the Special Master improperly applied a more limited definition of fraud than the "controlling" standard "tailored to deal with attorney misconduct" that Judge Allegra applied in the December 2014 Order.  Pl.'s Obj. 3-6, ECF No. 447 (citing Order, ECF No. 316).  Relying on the case quoted in footnote 4 of the December 2014 Order, namely Demjanjuk v. Petrovsky, 10 F.3d 338, 348 (6th Cir. 1993), cert. denied sub nom. Rison v. Demjanjuk, 513 U.S. 914 (1994), plaintiff asserts that the court did not intend for him to show an "alteration of the trial outcome" to obtain relief under Rule 60.  Id. at 5.  Examining that case and the quoted language pertaining to fraud on the court, the court finds that plaintiff's reasoning misses the mark.

In Demjanjuk, the Sixth Circuit discussed how the alleged fraud improperly influenced the court's judgment.  The petitioner in that case sought a writ of habeas corpus after extradition and denaturalization proceedings resulted in his transfer from the United States to Israel for trial on the charge of mass murder.  Demjanjuk, 10 F.3d at 339.  The district court denied petitioner's request, and the Sixth Circuit affirmed that ruling. Id.  Subsequently, certain exculpatory information was drawn to the court's attention that led the Sixth Circuit to reopen the case to consider whether the extradition proceedings had been tainted by attorney misconduct.  Id.  On review, the Sixth Circuit found that the government attorneys had committed fraud on the court by withholding material information.  Id. at 356.  The appellate court vacated the prior judgments.  Id.

Absent a showing of how defendant's conduct improperly influenced the court's judgment here, however, this case does not assist plaintiff.

b.    In re Ocon

Plaintiff argues that by violating the "canons of ethics" and the expectations of a court officer, defendant—through its counsel—has committed a fraud on the court. Pl.'s Obj. 47, ECF No. 447. But, the case that plaintiff cites for this proposition, In re Enrique Antonio Ocon, No. 06-14878-BKC-AJC, 2007 WL 781223 (Bankr. S.D. Fla., Mar. 9, 2007), does not involve Rule 60 proceedings.

In re Enrique Antonio Ocon is an unpublished opinion granting defendant's motion for sanctions against plaintiff's counsel in a bankruptcy case. In re Enrique Antonio Ocon, 2007 WL 781223, at *1-2. The court awarded sanctions when the representations of plaintiff's counsel at a pre-trial hearing were proven false by clear and convincing evidence. Id. at *2 n.2. In defending against the motion for sanctions, plaintiff's counsel suggested that an attorney can lie to the court with impunity so long as the lie is not believed. Id. The court distinguished the motion for sanctions from a Rule 60 motion, which requires a determination as to "whether the finality of a judgment should be disturbed." Id. (citing Comput. Leasco, Inc. v. NTP, Inc., 194 Fed. Appx. 328 (6th Cir. 2006); Great Coastal Express v. Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., 86 F.R.D. 131 (E.D.Va. 1980)). The court then analyzed the term "fraud on the court" to mean a departure from integrity and honest dealing with the court. Id. (citing Kupferman v. Consolidated Res. & Mfg. Corp., 459 F.2d 1072, 1078 (2d Cir. 1972)). The court explained that such fraud "[either] does or attempts to, subvert the integrity of the proceedings itself. . .'" Id. (citing 7 Moore's Federal Practice, ¶ 60.33 at 515 (1971 ed.). Finding that plaintiff's counsel failed to comport with the standards of integrity required by the judicial system when she did not acknowledge the inaccuracies in her representations to the court and opposing counsel, the court awarded sanctions. Id. at *3-4.

Plaintiff's reliance on this case to support its request for relief from judgment, however, is misplaced. The deciding court specifically stated—and this court agrees— that a request for sanctions prior to entry of judgment is distinguishable from a request for relief under Rule 60, as the finality of a judgment is not to be disturbed readily.

c.    Zimmerman and Cerruti

Plaintiff asserts that a "mere attempt" to engage in attorney misconduct is a sufficient ground for Rule 60 relief. Pl.'s Obj. 48-50, ECF No. 447. As support for this assertion, plaintiff cites the cases Zimmerman v. Poly Prep Country Day School, No. 09 CV 4586(FB), 2012 WL 2049493 (E.D.N.Y. June 6, 2012) and Cerruti 1881 S.A. v. Cerruti, Inc., 169 F.R.D. 573, 583-84 (S.D.N.Y. 1996). Id. at 49-50.

Zimmerman is an unpublished ruling on two motions filed by plaintiffs during pretrial proceedings in a case involving allegations of sexual assault.  Zimmerman, 2012 WL 2049493 at *1.  In their first motion, plaintiffs sought certain discovery.  Id.  In their second motion, plaintiffs sought sanctions against defendant for perpetrating a fraud on the court.  Id.  Focused primarily on plaintiffs' first motion, the court only briefly addressed the second motion, stating that a finding of fraud on the court is appropriate when "it is established by clear and convincing evidence that a party has [engaged in] some unconscionable scheme calculated to interfere with the judicial system's ability [] to adjudicate a matter by . . . unfairly hampering the presentation of the opposing parties' claim or defense."  Id. at *23 (quoting Passlogix, Inc. v. 2FA Tech., LLC, 708 F.Supp.2d 378, 393 (S.D.N.Y. 2010)(internal quotation omitted)).  Once the court articulated the proper legal standard, it declined to make a ruling until it had obtained more information through an evidentiary hearing.  Id. at *35.

In Cerruti, the plaintiff clothing distributor moved for sanctions against its competitors based on the defendant's improper conduct during pretrial proceedings.  Cerruti 1881 S.A., 169 F.R.D. at 574.  Plaintiff also sought a declaration terminating the agreement between the parties and finding three of defendants' trademarks to have been abandoned, which—by statute—effected cancelation of the trademarks.  Id.  The court determined that defendant had given false testimony and used fabricated documents in an effort to show the validity of the parties' agreement and to refute the abandonment claim. Id.

The Cerruti court pointed to its inherent power to sanction a party for bad faith, id. at 582-83 (citing Chambers v. NASCO, Inc., 501 U.S. 32, 46 (1991)), and determined that such sanctions could include the entry of judgment against the offending party and an award of attorney's fees and costs.  Id.  Noting the "strong preference in the law for resolving disputes on their merits and not by default, and that judgment against an offending party is appropriate only in extreme circumstances," the court concluded that the repeated abuses in the case before it were extreme.  Id. at 583 (citing Marfia v. T.C. Ziraat Bankasi, New York Branch, 100 F.3d 243, 248-49 (2nd Cir. 1996)).  Because "defendants' misconduct . . . [went] to the heart of the case by making it apparent that defendants c[ould] rely only on fraudulent [] records, and the unsubstantiated claims of a proven liar, to establish that they did not abandon the [trademarks] in question," the court sanctioned defendants by entering judgment in favor of plaintiffs and awarding attorney's fees and costs to plaintiffs.  Id.

Contrary to plaintiff's assertion, neither of the two cases, Zimmerman and Cerruti, lend support to plaintiff's position.  The cases do not address the circumstances that merit disturbing a final judgment—as would be required to prevail on a Rule 60 motion—and thus, are of limited assistance to plaintiff.

d.   Rozier

Finally, plaintiff looks to Rozier v. Ford Motor Co., 573 F.2d 1332, 1338 (5th Cir. 1978), for the proper legal standard for fraud on the court.  Pl.'s Obj. 48-49, ECF No. 447.  Plaintiff proposes to insert the word "only" into the quoted language from the case: "To establish fraud on the court, 'it is necessary [only] to show an unconscionable plan or scheme which is designed to improperly influence the court in its decision.'"  Id. (quoting Rozier, 573 F.2d at 1338) (citations omitted).  Plaintiff's proposed edit materially and improperly alters the articulated legal standard.

Plaintiff also fails to acknowledge that the appellate court made clear in Rozier that Rule 60 relief requires that the "conduct complained of must be such as prevented the losing party from fully and fairly presenting his case or defense."  Rozier, 573 F.2d at 1339 (citations omitted).

Plaintiff in this case makes no such showing, and his efforts to modify the legal standards for establishing fraud are unavailing.

2.   Misrepresentation and Misconduct Under Rule 60(b)(3) Require a Movant to Show Why the Fraud Mattered

Plaintiff argues that the Special Master's report and recommendation contains factual and legal error because the Special Master disregarded the misrepresentation and misconduct aspects of Rule 60(b)(3), neither of which, plaintiff asserts, "requires prejudice to the proceedings to warrant . . . relief [from judgment]."  Pl.'s Resp. 9, ECF No. 453.  Plaintiff insists that by disregarding these two components of Rule 60, the Special Master improperly prevented discovery concerning defendant's misbehavior. Pl.'s Obj. 7, ECF No. 447.  It is plaintiff, however, not the Special Master who has misapprehended what showing is required under Rule 60.  Having determined that defendant's counsel's actions did not interfere with plaintiff's ability to prove his case and had no impact on the court's judgment, the Special Master found no need for further discovery.  Order 8, ECF No. 348.  The court finds no error in the Special Master's determination.

B.  The Special Master Had Authority to Direct Discovery in the Rule 60 Proceedings

1.   Depositions and an Evidentiary Hearing

Because the December 2014 and February 2015 Orders permitted the Special Master to conduct discovery prior to concluding the Rule 60 proceedings, plaintiff argues that the Special Master should have allowed depositions, or in the alternative, held an evidentiary hearing.  Pl.'s Obj., in passim, ECF No. 447.  The Special Master's decision

not to allow depositions or to hold an evidentiary hearing, see Op., ECF No. 411; R. & R. 2 & n.2, ECF No. 430, was a procedural one and thus, is reviewed by the court under an abuse of discretion standard.  RCFC 53(f)(5).

As defendant correctly points out, there is no automatic right to post-judgment discovery under Rule 60.  Def.'s Mot. 41, ECF No. 445 (citing H.K. Porter Co. v. Goodyear Tire & Rubber Co., 536 F.2d 1115, 1118 (6th Cir. 1976); Madison Servs., Inc. v. U.S., 94 Fed. Cl. 501, 511 (2010)).  A determination as to whether discovery is necessary is left to the trier of fact's sound discretion.  H.K. Porter Co., 536 F.2d at 1119.  Informing this determination is whether the alleged misconduct, if proven, could establish fraud under Rule 60.  Roger Edwards, LLC, 427 F.3d at 136-37.  To establish such fraud, a party must show that the alleged misconduct influenced the court's judgment.  In re Old Carco LLC, 423 B.R. at 52.  If a party cannot make that showing, the issuance of an order to permit discovery would be futile.

Here, the court issued an indicative ruling on December 1, 2014.  That ruling did not address the merits of plaintiff's allegations, nor did it entitle plaintiff to either depositions or an evidentiary hearing.  Rather, the court stated that it would consider plaintiff's Rule 60 Motion if the Federal Circuit so directed on remand.  Order 6, ECF No. 316.  The court's subsequent order dated February 23, 2015 authorized the Special Master to conduct proceedings on plaintiff's Rule 60 Motion and to exercise his discretion in determining what discovery was needed to resolve it.  See Order, ECF No. 335.

On April 7, 2015, the Special Master issued a discovery order limiting the matters appropriate for discovery to the Trainor threats because those were the only allegations that might have influenced the court's judgment.  Order 12, ECF No. 348 (citing Pl.'s Mem. 10-14, ECF No. 337; Def.'s Resp. 15-17, ECF No. 342).  After the issuance of that order, the Special Master denied defendant's claimed privilege as to all but ninety documents.  Order 1, ECF No. 411.  Noting that "plaintiff ha[d] secured every [existing,] contemporaneous document . . . [pertaining] to [the Trainor threats] and all but a few of the documents created during the investigations that occurred a year later," id., the Special Master found that the extensive document production precluded the need for any additional discovery (including depositions) to resolve plaintiff's Rule 60 Motion.

Plaintiff argues that depositions should have been permitted because the Special Master contemplated them in his April 2015 Order.  Pl.'s Obj. 10 n.6, ECF No. 447.  Plaintiff adds that he was entitled to the deposition of five individuals based on the agreement between the parties contained in their joint preliminary status report filed on April 10, 2015.  Id.

But, in conformance with the court's February 2015 Order, the Special Master exercised his authority to regulate the proceedings and performed his duties fairly and

efficiently.  After thoughtfully considering the evidence produced during discovery, the Special Master determined that neither depositions nor an evidentiary hearing were necessary to resolve the Rule 60 Motion.  See Op., ECF No. 411; R. & R. 2 & n.2, ECF No. 430.  Plaintiff's assertions to the contrary are unavailing because the determination regarding the scope of discovery required to resolve a Rule 60 motion lies within the discretion of the Special Master.  It does not rest with the parties.  H.K. Porter Co., 536 F. 2d at 1118.  Moreover, although plaintiff argues that he was entitled to additional discovery, he does not indicate how it would have influenced the court's judgment. The court finds no abuse of discretion in the Special Master's decision regarding further discovery.

2.    The Summary Judgment Standard

Likening himself to one responding to a summary judgment motion, plaintiff asks the court to apply Rule 56 standards pertaining to discovery.  Pl.'s Obj. 21-24, 38-39, ECF No. 447.  Summary judgment standards, however, do not apply to Rule 60 proceedings.

As defendant correctly observes, key differences exist between the standards for discovery under Rule 56 and those in Rule 60 proceedings.  Def.'s Reply 14, ECF No. 452.  One such difference is the absence of an automatic right to discovery under Rule 60.  Roger Edwards, LLC, 427 F.3d at 137.  In contradistinction to Rule 56 proceedings, the determination as to whether discovery is needed in a Rule 60 proceeding rests with the court and is discretionary.  H.K. Porter Co., 536 F.2d at 1118.  Thus, the court may resolve a Rule 60 motion without additional discovery or an evidentiary hearing.

Also, unlike motions brought under Rule 56, the court does not grant favorable inferences to the party seeking relief from judgment by a Rule 60 motion.  Def.'s Reply 14, ECF No. 452.  Instead, the court weighs the evidence.

Notwithstanding plaintiff's assertions, Rule 56 summary judgment standards do not apply in this case, and the Special Master properly did not apply them.

3.    Sanctions

Plaintiff argues that even if the Special Master failed to find that defendant's counsel perpetrated a fraud on the court, the Special Master should have imposed sanctions.  Pl.'s Obj. 11, 13, 41-45, ECF No. 447.  Plaintiff asserts that in circumstances involving conduct by a party that does not amount to fraud, the court may exercise its discretion to impose sanctions on a party that has exhibited bad faith that cannot be addressed otherwise by either statute or rule.  Id. at 41 (citing Takeda Chemical Industries, Ltd., et al., v. Mylan Laboratories, Inc., et al., 549 F.3d 1381, 1390-91 (Fed.

14

Cir. 2008) (citing <u>Chambers v. NASCO</u>, 501 U.S. 32, 46 (1991))).  Plaintiff relies on two cases to support his position.

Plaintiff points first to <u>Takeda Chemical</u>, a patent infringement action.  549 F.3d at 1384.  As plaintiffs, the patentee and its affiliate, prevailed against a generic drug company and moved for attorney's fees under 35 U.S.C. § 271(e)(4), on the theory that the case was an exceptional one.  <u>Id.</u> at 1384.  The district court agreed and awarded to plaintiffs the statutorily allowed attorney's fees.  <u>Id.</u> at 1384-1385.  Further to its inherent power to impose sanctions, the district court also awarded the experts' fees.  <u>Id.</u>

The Federal Circuit affirmed the award of attorney's fees on appeal, noting that the "trial judge, '. . . is in the best position to know how severely [a party's] misconduct has affected the litigation.'"  <u>Id.</u> at 1390-91 (citing <u>Beckham Instruments, Inc. v. LKB Produkter AB</u>, 892 F.2d 1547, 1553).  As to the award of expert fees, the Federal Circuit also affirmed, stating that "a district court may invoke its inherent power to impose sanctions in the form of reasonable expert fees in excess of what is provided for by statute" in cases involving "a finding of fraud or abuse of the judicial process" or in cases involving bad faith that could not be reached otherwise by rule or statute.  <u>Id.</u> (citing <u>Chambers</u>, 501 U.S. at 46).  Plaintiff argues the Special Master should have exercised his inherent power to impose sanctions here.

Plaintiff also points to the court's conduct in the case of <u>In re E.I. du Pont de Nemours & Co.</u>, 918 F. Supp. 1524 (M.D. Ga. 1995) <u>rev'd on other grounds and remanded</u>, 99 F.3d 363 (11th Cir. 1996) <u>cert. denied</u>, 522 U.S. 906 (1997).  <u>Id.</u> at 43.  In that product liability action brought by various nurserymen against the manufacturer of an allegedly defective fungicide, plaintiffs accused defendant of misrepresentation and the concealment of critical evidence.  <u>In re E.I. du Pont</u>, 918 F. Supp. at 1556.  The court found:

> No party, be it an individual or a corporation, can unilaterally decide the evidence.  Put in layperson's terms, DuPont cheated consciously, deliberately and with purpose.  DuPont has committed a fraud on this Court, and this Court concludes that DuPont should be, indeed must be, severely sanctioned if the integrity of the Court system is to be preserved.

<u>Id.</u>

Seeking a similar outcome here, plaintiff contends that defendant's counsel's failure to apprise the court of the Trainor threats compromised the court's ability to police and protect the integrity of its proceedings and thus, merits the imposition of sanctions.  Pl.'s Obj. 43-44, ECF No. 447.

In contradistinction to the cases plaintiff cited, the Special Master had a limited charge.  As noted in the Special Master's report and recommendation, plaintiff moved only to set aside the judgment.  R. & R. 2, ECF No. 430.  It follows then that the need to resolve that motion defined the scope of the Special Master's work.

A Rule 60 motion is available only to set aside a judgment; it may not be used to grant additional relief.  James Wm. Moore, et. al., Moore's Federal Practice ¶ 60.25 (3d. ed. 1999).  Having discharged his assigned responsibilities, and without "a roving commission to explore the behavior of the government lawyers or to assess [the] ethical propriety [of defendant's counsel's conduct]," id., the Special Master was without authority to make an award of sanctions to plaintiff.  To the extent plaintiff suggests otherwise, plaintiff's position is unavailing.

Moreover, if, during pre-trial and trial proceedings, plaintiff believed that Judge Allegra was not fully apprised of defendant's conduct, or had reason to believe that Judge Allegra did not give such conduct the adequate consideration that it deserved, plaintiff was able to raise his concerns and seek sanctions prior to the entry of the court's judgment.  It is well settled that a party is not entitled to post-judgment discovery where such information was available during pre-trial proceedings or at the time of the original trial.  See H.K. Porter Co., 536 F.2d at 1118; Bulloch v. United States, 763 F.2d at 1121-22 (10th Cir. 1985) cert. denied, 474 U.S. 1086 (1986).

### C.  Plaintiff is Not Entitled to Relief under Rule 60

Although plaintiff claims otherwise, the Special Master did apply the correct legal standards in determining that there was no evidence of either fraud on the court or fraud by a party.

#### 1.      The Alleged Trainor Threats

The Special Master reviewed the evidence, produced by discovery, that pertained to the Trainor threats.  R. & R. 9-10, ECF No. 430.  The evidence included a series of email exchanges between DOJ and ATF attorneys concerning the threat allegedly made by RAC Higman to Agent Trainor.  Id.  The exchanges provided "a comprehensive, contemporaneous record of the decisions made by [defendant's counsel which] culminat[ed] in the decision not to advise the court of the alleged Higman threat."  Order 1, ECF No. 411.  The Special Master considered that evidence as well as the sequence of relevant events; in particular, he noted that RAC Higman issued the threat after Agent Trainor had appeared before the court as a trial witness and after the court had closed the trial record.  The Special Master observed that "a decision [was] made, based on legal principles and strategic judgments, that there was no reason to bring the alleged threats to the attention of the court."  Id. at 8.  The Special Master found that when considered in

context, defendant's failure to bring the Trainor threats to the court's attention did not constitute either a fraud on the court or fraud by a party. R. & R. 1-2, ECF No. 430.

In his filed objection, plaintiff fails to show how the Higman threat had any effect on Agent Trainor's testimony. Plaintiff also fails to show how the threat by defendant's counsel had any effect on Agent Trainor's testimony. Id. at 9 n.3. Agent Trainor testified about his investigation of ATF's withdrawal of the documents that protected plaintiff's identity. Where his testimony diverged from that of his ATF colleagues who also testified at trial, the court credited Agent Trainor's testimony. Id. at 10 (citing Dobyns, 118 Fed. Cl. at 311-12). The court finds no error in the Special Master's finding that no fraud occurred, and plaintiff has not established otherwise.

### 2.    Plaintiff's Other Allegations

In his April 2015 Order, the Special Master found that all of plaintiff's enumerated allegations—except as pertained to the Trainor threats—had been addressed before the court entered judgment. Order 11, ECF No. 348. The Special Master determined that plaintiff failed to show how, even if proven, the identified instances of misconduct adversely affected his ability to fully and fairly present his case. The Special Master also determined that plaintiff failed to show how the alleged misdeeds would have swayed the court's judgment, or how they would have altered the outcome of the case. Order 11, ECF No. 348.

For the sake of completeness, the court addresses each of plaintiff's remaining allegations in turn.

### a.    Communications by Ms. Bacon

Plaintiff complains that Ms. Bacon attempted to dissuade SAC Atteberry from reopening the arson investigation to avoid compromising defendant's case. Order 11, ECF No. 348. But, SAC Atteberry testified that Ms. Bacon's comments to him about the possible adverse impact of reopening that investigation did not prevent him from doing so. Id. Instead, he pushed forward, disregarded Ms. Bacon's comments, and did what he believed he needed to do. Id. SAC Atteberry then testified favorably for plaintiff. Plaintiff's claims that Ms. Bacon's comments to SAC Atteberry compromised the presentation of his case and negatively affected the court's judgment simply are not supported by the facts. The court finds no abuse of discretion in the Special Master's determination that no further discovery on this issue was necessary.

> b.    Mr. Harrington and His Alleged Misrepresentations to the Court

Plaintiff claims that in Mr. Harrington's capacity as defendant's counsel, he committed fraud upon the court by denying knowledge of Ms. Bacon's efforts to discourage SAC Atteberry from reopening the arson investigation.  Pl.'s Obj. 10, 29-33, ECF No. 447.  The Special Master found that even if true, Mr. Harrington's alleged misrepresentation had no material effect on the outcome of the litigation because Mr. Harrington corrected his statements and briefed the matter—at the court's request— before the court entered judgment.  Order 8, ECF No. 348; see also Def.'s Notice 2-3, July 1, 2013, ECF No. 199 (citing Exs. A-C).  The court discerns no abuse of discretion in the Special Master's conclusion that no further discovery on this issue was necessary.

> c.    The Audio Recordings

Plaintiff alleges that defendant's attorneys improperly "withheld telephone surveillance recordings despite plaintiff's [repeated] requests for production."  Pl.'s Resp. 13, ECF No. 453.  This discovery issue, however, was resolved prior to trial, Order 10, ECF No. 348, and plaintiff introduced the recordings as evidence at trial for the court's consideration.  Id.; see also Dobyns, 118 Fed. Cl. at 308.  On review, the Special Master found that plaintiff failed to show how defendant's tardiness—whether intentional or not—in producing the recordings either adversely affected the presentation of plaintiff's claim or impaired the court's ability to adjudicate the case.  The court finds no abuse of discretion in the Special Master's determination that no further discovery on this issue was necessary.

> d.    Perjury

Plaintiff asserts that ASAC Gillett and RAC Higman testified perjuriously at trial and that defendant's counsel did not discourage—but likely encouraged—it.  Pl.'s Resp. 13, ECF No. 453.  Plaintiff adds that defendant's counsel also failed to cure the perjurious deposition testimony given by ASAC Gillett about ATF's surveillance of, and suspicions about, plaintiff's involvement in the arson under investigation.  Id.

Without more, however, allegations of perjury do not support a claim for relief under Rule 60.  The Federal Circuit has stated that "[f]raud on the court is fraud which is directed to the judicial machinery itself[; it] is not fraud between the parties or fraudulent documents, false statements or perjury . . . [but] where the impartial functions of the court have been directly corrupted."  Broyhill Furniture Indus., Inc., 12 F.3d at 1085-86 (internal quotation citations omitted).  "[P]erjury and fabricated evidence do not constitute fraud on the court because they could have been exposed at trial and are not considered to be 'the more egregious forms of subversion of the legal process.'"  Council, 559 F. App'x at 873 (quoting Travelers Indem. Co. v. Gore, 761 F.2d 1549, 1551-52

(11th Cir. 1985)).  Courts have counseled that perjury is better addressed through safeguards such as discovery, cross-examination, presentation of contrary evidence, and argument.  Id.; see also Lockwood v. Bowles, 46 F.R.D. 625, 633 (D.D.C. 1969); Great Coastal Express, Inc., 675 F.2d at 1357.

Plaintiff in this case was afforded the opportunity to cross-examine ASAC Gillett and RAC Higman during depositions and at trial.  After hearing their testimony and evaluating the credibility of these witnesses, the court found significant portions of their testimony to be "unworthy of belief" and thus, gave their testimony diminished weight. Dobyns, 118 Fed. Cl. at 311-12.  Because plaintiff cannot show how the alleged perjury improperly influenced the court's judgment or negatively affected the outcome of the litigation, the court finds no abuse of discretion in the Special Master's determination that no further discovery on this issue was necessary.

e.     Mr. Harrington and the ROIs

Plaintiff alleges that Mr. Harrington wrongly withheld certain ROIs and misrepresented their relevance to the court to prevent the evidence from being considered at trial.  Pl.'s Resp. 13, ECF No. 453.  Plaintiff also alleges that ATF Assistant Director Brandon replaced the PRB deciding official in a calculated effort to delay the production of the ROIs.  Id.  The ROIs at issue ultimately were produced to plaintiff, were introduced at trial, and were credited by the court.  Dobyns, 118 Fed. Cl. at 312.  Because plaintiff has failed to show how the treatment of the ROIs adversely affected the outcome of his case, the court finds no abuse of discretion in the Special Master's conclusion that no further discovery on this issue was necessary.

f.     The PRB Letters of Clearance

Plaintiff argues that if DOJ requested the issuance of the PRB letters of clearance for the three ATF officials—whose conduct was in question, then the court must find that DOJ engaged in witness and evidence tampering.  Pl.'s Resp. 13, ECF No. 453.  Plaintiff introduced the PRB letters of clearance into evidence at trial, and the court considered them.  Dobyns, 118 Fed. Cl. at 320.  Plaintiff has made no showing that the letters prevented him from fully and fairly presenting his case or that they materially altered the outcome of the litigation.  Thus, the court discerns no abuse of discretion in the Special Master's conclusion that no further discovery on this issue was necessary.

g.     Deputy Director Carter's Testimony

Plaintiff complains that Deputy Director Carter, who represented ATF during the parties' settlement negotiations and signed the executed agreement, gave inconsistent testimony at trial as to whether the settlement agreement incorporated ATF's orders. Pl.'s Mot., ECF No. 352.  Plaintiff further complains that defendant's counsel rang

Deputy Director Carter's cell phone at trial to signal him to give testimony that was unfavorable to plaintiff.  Id.

As the Special Master observed in his April 2015 Order, plaintiff elicited testimony from Deputy Director Carter concerning the effect of the phrase "all laws" in the settlement agreement, but the court rejected that testimony.  Order 11, ECF No. 348 (citing Pl.'s Post Trial Br. 32, Dec. 9, 2013, ECF No. 261).  Noting that the reference to "all laws" in the settlement agreement was ambiguous and susceptible to different meanings, id., the court allowed plaintiff to introduce parol evidence to prove that the phrase "all laws" applied to ATF's orders.  Id. (citing Dobyns, 118 Fed. Cl. at 315). "Plaintiff failed to provide any evidence suggesting that the word 'law' had a different meaning in the second sentence of the Settlement Agreement than in the first."  Id. (quoting Dobyns, 118 Fed. Cl. at 315).  Thus, even if plaintiff were to establish that defendant's counsel had signaled Deputy Director Carter while on the stand, plaintiff could not show how Deputy Director Carter's coached testimony swayed the outcome of the litigation.  For this reason, the court does not find that the Special Master abused his discretion in determining that no further discovery on this issue was necessary.

D.  Assessment of Attorney Misconduct

The Federal Circuit remanded this matter to the court for the limited purpose of deciding whether defendant's attorneys committed fraud and whether such conduct warranted relief under Rule 60.  Dobyns v. United States, No. 15-5021, ECF No. 5 (Fed. Cir. Dec. 18, 2014)(per curiam).  After careful consideration of the evidence and the arguments presented, the court concludes that if true, the alleged conduct of various agency personnel throughout the course of this litigation fell well below the standard expected of government officials.  But, as the Special Master correctly concluded the conduct did not effect a fraud on the court or fraud by a party pursuant to Rule 60.  As to the conduct of defendant's counsel, the court leaves to the Office of Professional Responsibility at the Department of Justice any determination as to whether disciplinary action should be taken.  xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx.

IV.    Conclusion

Based on the foregoing, plaintiff's Rule 60 Motion is **DENIED**, defendant's motion is **GRANTED**, and plaintiff's objection is **DENIED**.  The court adopts the Special Master's Report and Recommendation, and his prior orders, including, the April 2015 Order, the May 2015 Order and the June 2015 Order, without alteration.  xxxxxxxx xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx xxxxxx.

IT IS SO ORDERED.


 s/ Patricia Campbell-Smith
PATRICIA CAMPBELL-SMITH
Chief Judge